IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

**TOWN & COUNTRY JEWELERS, LLC**
Individually, and on behalf of all others similarly situated,

                Plaintiff,
-against-

**MEADOWBROOK INSURANCE GROUP, INC.** and **JOHN DOE (1-10)**,
                Defendant.

---

Civil Action No.:

**CLASS ACTION COMPLAINT**
and
**DEMAND FOR JURY TRIAL**

Plaintiff , TOWN & COUNTRY JEWELERS, LLC (hereinafter, "Plaintiff"), a New Jersey corporation, brings this class action complaint by and through their attorneys, Marcus Law, LLC, against Defendant MEADOWBROOK INSURANCE GROUP, INC., and JOHN DOE (1-10) (hereinafter "MIG" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over this class action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

2. The Court has supplemental jurisdiction over this action under 28 U.S.C. § 1332(d), because upon information and belief, the matter in controversy concerning the TCPA exceeds the sum or value of $5,000,000, exclusive of interest and costs, involves thousands of class members and is a class action in which at least one member of the

class is a citizen of a state different from at least one of the Defendants.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2), 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## PARTIES

4. Plaintiff is a corporation doing business in the State of New Jersey.

5. Upon information and belief, Defendant MIG is a Michigan Corporation with its principal place of business at 26255 American Drive, Southfield, Michigan 48034.

6. MIG also does business at 1520 US Route 130, Suite 206, North Brunswick, NJ 08902.

7. John Does 1-10, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## NATURE OF THE ACTION

8. Plaintiff brings this class action on behalf of nationwide consumers seeking redress for Defendant's actions which violate the Telephone Consumer Protection Act, 47 U.S.C. §227 (hereinafter "TCPA").

9. The Congress enacted the TCPA because they believed that unsolicited fax advertisements improperly shift advertising costs to the unwilling fax recipients and interfere with the use of fax machines by these recipients, who are consumers and businesses.

10. Furthermore, the regulations under the TCPA prohibit the sending of solicited fax advertisement that do not contain the proper opt-out notice.

11. Upon information and belief, the Defendants have recently sent out thousands of unsolicited fax advertisement and thousands of solicited fax advertisements without the proper opt-out notices required by the TCPA.

12. Plaintiff is seeking damages, and declaratory and injunctive relief.

## ALLEGATIONS OF FACT

13. Upon information and belief, on or about February 2, 2015, Defendants without Plaintiff's express invitation or permission, arranged for and/or caused a telephone facsimile machine, computer, or other device to send unsolicited fax advertisements (hereinafter "the fax advertisements"), advertising the commercial availability or quality of any property, goods, or services, to Plaintiff's fax machine located in Eatontown, New Jersey.

14. Copies of the fax advertisement are attached hereto as **Exhibit A** and are incorporated herein by reference.

15. The fax advertisements attached hereto as **Exhibit A** was wholly unsolicited in that it was sent to the Plaintiff by Defendants without Plaintiff's express invitation or permission.

16. The fax advertisement attached hereto as **Exhibit A** contains no opt-out notice in violation of 47 U.S.C. §227(b)(2)(D).

17. Upon information and belief, Defendants either negligently, willfully and/or knowingly arranged for and/or caused the fax advertisements to be sent to Plaintiff's fax machine.

18. Upon information and belief, Defendants have previously, from four years prior to the date of the filing of this Complaint through the present, either negligently, willfully and/or knowingly sent and/or arranged to be sent thousands of unsolicited fax

advertisements, advertising the commercial availability or quality of any property, goods, or services, to fax machines and/or computers nationwide.

19. Upon information and belief, the facsimile advertisements described in the preceding paragraph failed to contain a proper opt out notice, substantially similar or identical to the fax advertisements sent to Plaintiff that are attached hereto as **Exhibit A**.

## CONSTRUCTION OF APPLICABLE LAW

20. Section 47 U.S.C. §227(b) of the TCPA provides "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States…to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]"

21. Furthermore, pursuant to 47 U.S.C. §227(b)(2)(D), a unsolicited advertisement must have a clear and conspicuous notice of the first page stating that the recipient may request the sender to stop sending future unsolicited advertisements to a telephone facsimile machine.

## CLASS ALLEGATIONS

22. Plaintiff brings this action individually and on behalf of and all others similarly situated ("the Class").

23. Plaintiff represents, and is a member of, the Classes, consisting of:
    a. All persons in the United States who received any unsolicited fax advertisement on their telephone facsimile machines from Defendant or its agents(s) and/or employee(s) within the four years prior to the filing of the Complaint.

    b. All persons in the United States who received any unsolicited fax advertisement on their telephone facsimile machines from Defendant or its agent(s) and/or employee(s) where said advertisements failed to properly notify the recipient of their ability to opt-out of receiving such fax advertisements from Defendant in the future.

24. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believe the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

25. Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephone facsimile machines by either: 1) sending unsolicited fax advertisements; or 2) sending fax advertisements which failed to properly inform Plaintiff and the class members of their ability to opt-out of receiving such fax advertisements from Defendant in the future. Plaintiffs and the Class members were damaged thereby.

26. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

27. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

28. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Classes

predominate over questions which may affect individual Class members, including the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent any unsolicited fax advertisements to a Class member;

b. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent any fax advertisement to a Class member which failed to properly advise the recipient of an ability to opt-out of receiving such future fax advertisements from Defendant;

c. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

d. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

29. As a recipient of unsolicited fax advertisements from Defendant and of fax advertisements which failed to properly advise of Plaintiff's ability to opt-out, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Classes in that Plaintiff has no interests antagonistic to any member of the Classes.

30. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

31. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and state laws. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

33. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

### Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

35. At all times herein, Plaintiff was and is entitled to the rights, protections and benefits provided under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

36. The transmission of facsimiles to Plaintiff as set forth above, violated 47 U.S.C. § 227(b)(1)(C).

37. Based upon the foregoing, Plaintiff is entitled to statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 227(b)(3)(C).

38. Based upon the foregoing, Plaintiff is entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from transmitting any advertisements in violation of 47 U.S.C. § 227(b)(1)(C).

## COUNT II

### Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

40. At all times herein, Plaintiff was and is entitled to the rights, protections and benefits provided under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

41. The transmission of facsimiles to Plaintiff as set forth above, violated 47 U.S.C. § 227(b)(2)(D).

42. Based upon the foregoing, Plaintiff is entitled to statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C).

43. Based upon the foregoing, Plaintiff is entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from transmitting any advertisements in violation of 47 U.S.C. § 227(b)(2)(D).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and members of the Class respectfully pray for the relief:

A.  On the First Count and Second Count, as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

B.  On the First Count and Second Count, as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and;

C.  An Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. § 227(b)(2)(D); and

D.  For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Dated: April 8, 2015

*s/ Ari H. Marcus, Esq.*
Ari Marcus, Esq.
MARCUS LAW, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Telephone: (732) 695-3282
Facsimile: (732) 298-6256
*Attorneys for Plaintiff*