**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TOWN & COUNTRY JEWELERS, LLC, Individually, and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>MEADOWBROOK INSURANCE GROUP, INC. and JOHN DOES (1-10),<br><br>*Defendants.* | Civil Action No.: 3:15-2519 (PGS)(LHG)<br><br><br><br>**MEMORANDUM<br>AND<br>ORDER** |

**SHERIDAN, District Judge.**

**Facts and Procedural History:**

Plaintiff Town & Country Jewelers, LLC ("Town & Country" or "Plaintiff") sued Meadowbrook Insurance Group, Inc. ("Meadowbrook" or "Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), for sending Plaintiff an unsolicited faxed advertisement without the "opt-out" language.

On February 2, 2015, Defendant sent a fax advertisement to the Plaintiff's fax machine in Eatontown, NJ. (Compl. ¶ 13). It did not contain an opt-out notice. (Compl. ¶ 16). Plaintiff claims that the fax was unsolicited, while Defendant claims that it was solicited. This is the only material dispute in the case.

It is undisputed that on April 9, 2012, a representative of Meadowbrook, Allison Lathrop ("Lathrop"), spoke with Victor Ashkenazy ("Ashkenazy"), the owner of Town & Country.

1

(Defendant's Statement of Material Facts ("DSMF") ¶ 1; Plaintiff's Statement of Material Facts ("PSMF") ¶ 1)).

The Complaint was filed on April 8, 2015. On July 28, 2015, the Court stayed the proceeding and administratively terminated the case. On February 17, 2016, the stay was lifted, and on April 13, 2016, Defendant filed this motion for summary judgment.

**Legal Standard**:

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (*quoting Anderson*, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and must instead present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fidelity Bancorp.*, 912

F.2d 654, 657 (3d Cir. 1990); see also Fed. R. Civ. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). If a court determines, "after drawing all inferences in favor of [the non-moving party], and making all credibility determinations in his favor…that no reasonable jury could find for him, summary judgment is appropriate." *Alevras v. Tacopina*, 226 Fed. App'x 222, 227 (3d Cir. 2007).

**Analysis**:

The TCPA prohibits "use [of] any telephone facsimile machine, computer, or other device, to send, to a telephone facsimile machine, an unsolicited advertisement." 47 USC § 227(b). There was confusion about whether the opt-out notice requirement applied to "solicited" faxes, and the FCC has granted retroactive waivers of this 47 CFR 64.1200(a)(4)(iv) requirement to various petitioners. (See FCC Order No. 14-164, at p. 12, Ex. 3 to Paster Decl.). Meadowbrook's petition seeking a retroactive waiver was granted by the FCC on August 28, 2015; therefore, only unsolicited faxes would be prohibited in this action. (See FCC Order No. DA 15-976, Ex. 5 to Paster Decl.).

Defendant argues that summary judgment should be granted because Town & Country expressly consented to receiving faxes from Meadowbrook, and it specifically provided its fax number to Meadowbrook for that purpose. There is no dispute that on April 9, 2012, Lathrop, a representative of Meadowbrook, spoke with Ashkenazy. (DSMF ¶ 1; PSMF ¶ 1). Defendant provides a contemporaneous recording from Lathrop, where she says, "Spoke with Victor who said he would like a quote…doesn't know that he renews in June so wants me to call him on Wednesday. Obtained fax to send info in the meantime." (See Decl. of Nancy K. Clay ("Clay Decl."), ¶ 6).

3

Plaintiff does not dispute that Defendant obtained a waiver of the solicited fax prohibitions. The only matter in dispute is whether this fax was "unsolicited." Plaintiff asserts in a sworn declaration that he never provided his fax number to Defendant. (Declaration of Victor Ashkenazy ("Ashkenzy Decl."), ¶¶ 5-9). Plaintiff says that no discovery has taken place in this action, and summary judgment may not be granted based on this disputed issue of material fact.

A genuine issue of a material fact is not created by self-serving assertions belied by contemporaneous documentary evidence. *Tindell v. Beard*, 351 Fed. Appx. 591, 596 (3d Cir. 2009). Ashkenazy's declaration was attached for the first time in opposition to summary judgment. This is four years after this alleged conversation occurred. His declaration is compared with the contemporaneous record of a recording regarding a conversation Plaintiff admits to having, which may indicate that Ashkenazy requested that Meadowbrook provide him with information, and that Ashkenazy gave Meadowbrook his fax number.

However, the alleged "consent" occurred in April 2012, and the fax in dispute was sent in February 2015. Lathrop's notes indicate that Ashkenazi wanted a quote because he did not know whether he would "renew" in June 2012, and that she would "call him on Wednesday." There is no information about whether communications between the parties extended beyond this point, and the Court will not speculate on whether Ashkenazy consented to receive any additional faxes. Moreover, the § 227 defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services..." 47 U.S.C.A. § 227(a)(5). It is not clear based on the two sentences of notes in Lathrop's documentation whether she was even referring to an "advertisement."

4

Discovery has not taken place in this matter, Ashkenazy has denied providing his consent, and the Court will not declare summary judgment in favor of Defendant based on this one piece of evidence.


## ORDER

THIS MATTER having been presented to the Court upon the motion for summary judgment by Defendant Meadowbrook Insurance Group, Inc. [ECF No. 29]; and after considering the submissions of the parties, for the reasons stated on the record on June 6, 2016, for the reasons stated herein, and for good cause shown:

IT IS on this ___30__ day of June, 2016, hereby

**ORDERED** that Defendant's motion for summary judgment [ECF No. 29] is **DENIED**.


                                       _____
                                    PETER G. SHERIDAN, U.S.D.J.