## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TOWN & COUNTRY JEWELERS, LLC, individually and on behalf of all others similarly situated, | : : : : | CIVIL ACTION<br><br>NO. 3:15-cv-02519-PGS-LHG |
| Plaintiff, | : : | |
| v. | : : | |
| MEADOWBROOK INSURANCE GROUP, INC., | : : | |
| Defendant. | | |

### MOTION FOR AN ORDER CONDITIONALLY CERTIFYING CLASS AND GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT

**PLEASE TAKE NOTICE THAT** upon this Notice of Motion and Motion, Town & Country Jewelers, LLC ("Plaintiff") by and through their undersigned counsel, will move before this Honorable Court, on a date and time to be determined by the Court for an Order certifying this case to proceed as a class action and granting preliminary approval of the Parties' class settlement agreement. Specifically, the Plaintiff will move this Court pursuant to Fed. R. Civ. P. 23, for an Order certifying this case to proceed as a class action, and granting preliminary approval of the settlement, on behalf of the following class:

> All persons nationwide within the United States who are included in Meadowbrook's GoldMine customer relationship management database and received any advertisement on their telephone facsimile machines from Defendant or its agents or employees since April 8, 2011 through preliminary approval.

In support of this motion, Plaintiff respectfully states the following:

1.      Plaintiff filed this class action lawsuit pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§227, *et seq.* ("TCPA"), which alleges that Meadowbrook Insurance

Group, Inc. ("Meadowbrook") violated the TCPA by sending advertisements via facsimile transmittal without the prior express consent of Plaintiff and the putative class members.

2.      All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

3.      As set forth in the accompanying memorandum of law, the class is so numerous that joinder is impracticable.

4.      There are questions of law and fact common to the Settlement Class, which common issues predominate over any issues affecting only individual class members. The factual issue common to Plaintiff and the Settlement Class is that Meadowbrook sent each of them an advertisement via facsimile transmittal without the prior consent of the recipient.

5.      There are no individual issues other than identifying the individual class members, which is a ministerial task Meadowbrook has already accomplished through a review of its business records.

8.      Plaintiff's claims are typical of those of the class members. All of them are based on the same alleged facts (i.e., sending advertisements via facsimile without prior express consent) and the same legal theories (TCPA violations).

6.      The Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under various consumer protection statutes such as the TCPA, class actions, and other complex litigation. Moreover, neither Plaintiff nor Plaintiff's counsel have any interests, which might cause them not to vigorously pursue this action.

7.      Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

(a)     Congress and courts have contemplated TCPA class actions as a means of enforcing the statute.

(b)     Most class members are unaware of their rights and have no knowledge that their rights are being allegedly being violated by telephone facsimile.

(c)     The interest of class members to individually control the litigation is small because the maximum statutory damages in an individual action are limited to a recovery of $500-$1,500 per violation.

(d)     Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

8.     Accordingly, the Plaintiff requests certification of a class action and preliminary approval of the Parties' class settlement agreement pursuant to Rule 23(b)(3). The grounds supporting class certification and preliminary approval are further explained and supported by the accompanying Memorandum of Law, the Declaration of Ari Marcus, the Declaration of Yitzchak Zelman, the Declaration of Keith Keogh, the documents and pleadings on file with the Court, and any oral argument that the Court may entertain by counsel for the Parties with respect to this motion.

Respectfully submitted this 12th day of May, 2017

*s/ Ari Marcus*

Ari H. Marcus, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Telephone: (732) 695-3282
Facsimile:  (732) 298-6256
Ari@MarcusZelman.com
*Attorneys for Plaintiff*

Keith J. Keogh
Bar Number 6257811IL, 0126335FL
KEOGH LAW, LTD.
55 W. Monroe, Suite 3390
Chicago, Illinois 60603
Telephone:  (312) 374-3405
Fax:  (312) 726-1093
E-Mail: Keith@Keoghlaw.com

66995.000163 EMF_US 65055868v1