## EXHIBIT 4

## PRELIMINARY APPROVAL ORDER

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TOWN & COUNTRY JEWELERS, LLC,** Individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>**vs.**<br><br>**MEADOWBROOK INSURANCE GROUP, INC.** and **JOHN DOES (1-10),**<br><br>Defendants. | Civil Action No. **3:15-cv-02519-PGS-LHG**<br><br>**[Proposed] Order Granting Motion for Preliminary Approval** |

This matter came before the Court on Plaintiff's Motion for Preliminary Approval of the proposed class action settlement (the "Settlement") in the case entitled <u>Town & Country Jewelers, LLC v. Meadowbrook Insurance Group, Inc.,</u> United States District Court for the District of New Jersey Case No. 3:15-cv-2519 (the "Action"). The Action is brought by plaintiff Town & Country Jewelers, LLC ("Plaintiff"), individually and on behalf of all others similarly situated, against defendant Meadowbrook Insurance Group, Inc. ("Meadowbrook" and, together with Plaintiff, the "Parties"). Based on this Court's review of the Parties' Settlement Agreement and Release (the "Settlement Agreement"), Plaintiff's

LA 51998153

Motion for Preliminary Approval of Settlement, and the arguments of counsel,

THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.   <u>Settlement Terms</u>.  Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

2.   <u>Jurisdiction</u>.  The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3.   <u>Scope of Settlement</u>.  The Agreement resolves all claims for the Class alleged in the Second Amended Class Action Complaint filed in the District of New Jersey on September 9, 2016.  <u>See</u> Dkt. 47.

4.   <u>Preliminary Approval of Proposed Settlement Agreement</u>.  The Court has conducted a preliminary evaluation of the Settlement as set forth in the Settlement Agreement.  Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Settlement Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (Exs. 2 and 3 to the Settlement Agreement), that notice is appropriate and warranted.  Therefore, the Court grants preliminary approval of the Settlement.

5.    Class Certification for Settlement Purposes Only.  The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All persons nationwide within the United States who are included in Meadowbrook's GoldMine customer relationship management database and received any advertisement on their telephone facsimile machines from Defendant or its agents or employees since April 8, 2011 through preliminary approval.

6.    In connection with this conditional certification, the Court makes the following preliminary findings:

(a)    The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b)    There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

(c)    Plaintiff's claims appear to be typical of the claims being resolved through the Settlement;

(d)    Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

(e)    For purposes of determining whether the Settlement Agreement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement

3

Class;  Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f)    For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7.    Class Representative.  The Court appoints Plaintiff to act as class representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.    Class Counsel.  The Court appoints Marcus & Zelman, LLC and Keogh Law, LTD as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9.    Final Approval Hearing.  At _____ .m. on _____, in Courtroom _____ of United States Courthouse, 402 E. State Street, Trenton, NJ 08608, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Settlement Agreement and to determine whether (a) final approval of the Settlement embodied in the Settlement Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and service award to Plaintiff, should be granted, and in what amount.  No later than _____, which is thirty (30) days after the Notice Deadline, Plaintiff must file papers in support of

Class Counsel's application for attorneys' fees and expenses and the service awards to Plaintiff. No later than _____, which is fourteen (14) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must be filed.

10. <u>Settlement Claims Administrator</u>. Kurtzman Carson Consultants is hereby appointed as the Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Settlement Agreement and this Order.

11. <u>Class Notice</u>. The Court approves the proposed plan for giving notice to the Settlement Class directly (using post cards) and through establishment of a Settlement Website, as more fully described in Plaintiff's Motion and the Agreement ("Notice Plan"). The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than _____ ("Notice Deadline").

12. The Claims Administrator will file with the Court by no later than _____, which is fourteen (14) days prior to the Final Approval Hearing,

proof that notice was provided in accordance with the Settlement Agreement and this Order.

13.     Claim Period.  Settlement Class Members must submit claims within 90 days after the Notice Deadline (the "Claim Period").  To submit claims, Settlement Class Members submit a valid and timely Claim Form, following the directions in the Claim Form.

14.     Opt-Out and Objection Deadline.  Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by _____, 2017, which is sixty (60) calendar days after the Notice Deadline.  Persons in the Settlement Class may not both object and opt-out.  If a person both requests to opt-out and objects, the request to opt-out will control.

15.     Exclusion from the Settlement Class.  To request exclusion from the Settlement Class, a person in the Settlement Class must follow the directions in the Class Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline. Exclusion requests must: (i) be personally signed by the person in the Settlement Class who is requesting exclusion or, in the case of entities, an authorized representative of the entity which is requesting exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion; and (iii)

6

include the following statement: "I/we request to be excluded from the settlement in the Meadowbrook action." No request for exclusion will be valid unless all of the foregoing information is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person or any group of persons from the Settlement Class.

16. The Claims Administrator will retain a copy of all requests for exclusion. Not later than fourteen (14) days before the Final Approval Hearing, the Claims Administrator will file under seal with the Court a declaration that lists all of the exclusion requests received.

17. If a timely and valid exclusion request is made by a person in the Settlement Class, then the Settlement Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

18. All Settlement Class Members will be bound by all determinations and judgments concerning the Settlement.

19. Objections to the Settlement. To object to the Settlement, Settlement Class Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline. Settlement Class Members also must mail the objection by the Opt-Out and Objection Deadline to each of the following: (i) Class Counsel – KEOGH LAW,

LTD, 55 W. Monroe St, Suite 3390, Chicago, IL 60603; (ii) Meadowbrook's

Counsel – HUNTON & WILLIAMS, LLP, 951 East Byrd Street, Richmond VA

23219. In connection with an objection, the Settlement Class Member must: (a)

attach documents establishing, or provide information sufficient to allow the

Parties to confirm, that the objector is a Settlement Class Member, including

providing the facsimile telephone number to which Meadowbrook allegedly

transmitted an advertisement; (b) include a statement of such Settlement Class

Member's specific objections; (c) state the grounds for objection, as well as

identify any documents which such objector desires the Court to consider; and (d)

if the Settlement Class Member is represented by an attorney, list all other cases in

which the Class Member has filed an objection. The Court will not consider an

objection unless the objection includes all of the foregoing information.

20.     Any Settlement Class Member who fails to comply with Paragraph 19

will not be permitted to object to the Settlement at the Final Approval Hearing, will

be foreclosed from seeking any review of the Settlement by appeal or other means,

will be deemed to have waived his, her or its objections, and will be forever barred

from making any objections in the Action or any other related action or

proceeding. All Settlement Class Members will be bound by all determinations

and judgments in the Action, whether favorable or unfavorable to the Settlement

Class.

21.    For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address, telephone number and last name except first letter of last name in order to protect the objector's privacy.  The objector's first name and city, state and zip code, as well as the objection, will not be redacted.

22.    If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Settlement Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding.  No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the proposed Settlement Class, Meadowbrook or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

23.    In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or

due and owing and payable from the Settlement Fund in accordance with the
Settlement Agreement, shall be returned to Meadowbrook within 15 days of the
event that causes the Settlement Agreement to not become effective.

24.     <u>No Admission of Liability</u>.  The Agreement and any and all
negotiations, documents, and discussions associated with it, will not be deemed or
construed to be an admission or evidence of any violation of any statute, law, rule,
regulation or principle of common law or equity, or of any liability or wrongdoing
by Meadowbrook, or the truth of any of the claims.  Evidence relating to the
Settlement Agreement will not be discoverable or used, directly or indirectly, in
any way, whether in the Action or in any other action or proceeding, except for
purposes of demonstrating, describing, implementing or enforcing the terms and
conditions of the Agreement, this Order and the Final Approval Order.

25.     <u>Reasonable Procedures to Effectuate the Settlement</u>.  Counsel are
hereby authorized to use all reasonable procedures in connection with approval and
administration of the Settlement that are not materially inconsistent with this Order
or the Settlement Agreement, including making, without further approval of the
Court, minor changes to the form or content of the Class Notice and Claim Form
and other exhibits that they jointly agree are reasonable and necessary.  The Court
reserves the right to approve the Settlement Agreement with such modifications, if

any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

26.   Stay/Bar of Proceedings.  All proceedings in this Action are stayed upon entry of this Order, except as may be necessary to implement the Settlement or this Order.

27.   <u>Schedule of Future Events</u>.  Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| _____<br>[30 days after the date of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| _____<br>[30 days after the Notice Deadline] | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Awards |
| _____<br>[60 days after the Notice Deadline] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| _____<br>[90 days after the Notice Deadline] | Deadline for Settlement Class Members to Submit a Claim Form (Claim Period) |
| _____<br>[14 days prior to Final Approval Hearing] | Deadline for Parties to file the following:<br>(1) List of persons who made timely and proper requests for exclusion (under seal);<br>(2) Proof of Class Notice; and<br>(3) Motion and memorandum in support of final approval, including responses to any objections. |
| _____<br>[No earlier than 135 days from the entry of this Order] | Final Approval Hearing |

IT IS SO ORDERED.

Dated:_____          _____
                                Hon. Peter G. Sheridan
                                United States District Judge